| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01240-JLS-SP                                                  Date: September 29, 2021
Title:  HSBC Bank USA, National Association v. Jorge Gutierrez et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER REMANDING CASE TO STATE COURT**

On March 25, 2021, in the Superior Court of California (County of Riverside), Plaintiff HSBC Bank USA, National Association filed a complaint against Defendant Jorge Gutierrez asserting unlawful detainer under California law.  (Notice of Removal at PDF Pages 26-29 (Complaint), Doc. 1.)  On July 26, 2021, Defendant removed the instant action to this Court on the basis of federal question jurisdiction.  (Notice of Removal, Doc. 1.)  Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and it has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court *sua sponte* REMANDS this case to Riverside County Superior Court.

In this action, Plaintiff asserts that it "became the owner" of "the real property located at 309 Via Napoli, Cathedral City, CA 92234 (the 'Property')."  (Notice of Removal at PDF Page 27 ¶¶ 2, 6, Doc. 1.)  However, "[a]t the time of the sale, the Defendant was in possession of the Property and has remained in possession after the sale without consent of the Plaintiff" and that "Defendant's title to and/or right to possess the Property was extinguished by the trustee's sale."  (*Id.* PDF Page 27 ¶ 7.)  Accordingly, Plaintiff seeks, among other things, "immediate possession of the Property" and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01240-JLS-SP                                      Date: September 29, 2021
Title:  HSBC Bank USA, National Association v. Jorge Gutierrez et al

"damages at the rate of $191.66 per day . . . for each day Defendants continue in possession of the Property, commencing August 19, 2020." (*Id.* PDF Page 28.)

Defendant removed this action on the assertion that Plaintiff's Complaint is based on the federal Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). (*Id.* PDF Page 2.) However, under the well-pleaded complaint rule, "an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). Here, it is undisputed that Plaintiff's Complaint "does not state a claim that 'arises under' federal law." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000). The Complaint brings a single cause of action for unlawful detainer under California law. (Notice of Removal at PDF Pages 26-29 (Complaint), Doc. 1); *see also Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("Wescom's complaint states a single claim for unlawful detainer under California law. An unlawful detainer action does not arise under federal law."). In addition, the remedies Plaintiff seeks also sound in state law. (*Id.* at PDF Page 28.)

Moreover, "[t]o the extent Defendant is asserting an affirmative defense against Plaintiff under the PTFA, an 'affirmative defense based on federal law' does not 'render[] an action brought in state court removable.'" *Southland Home Mortg. II LLC v. White*, 2018 WL 5081211, at *2 (C.D. Cal. Oct. 16, 2018) (Staton, J.) (quoting *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994)). Nor does the PTFA "create a private right of action or a basis for federal subject matter jurisdiction." *Id.*

Defendant's assertions that "Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" are also insufficient. (Notice of Removal at PDF Page 3, Doc. 1.) State causes of action invoke federal jurisdiction only where the "federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). "This type of federal question jurisdiction applies to a 'special and small category' of cases." *Nevada*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01240-JLS-SP                                                      Date: September 29, 2021
Title:  HSBC Bank USA, National Association v. Jorge Gutierrez et al

*v. Bank of Am. Corp.*, 672 F.3d 661, 674 (9th Cir. 2012).  Here, Plaintiff's Complaint does not necessarily raise a substantial federal question.  Plaintiff's Complaint exclusively alleges a state law cause of action.  *See*, *e.g.*, *Southland Home Mortg. II LLC*, 2018 WL 5081211, at *1 ("Unlawful detainer is an exclusively state law claim that does not require the resolution of any substantial question of federal law." (internal quotation marks omitted)).

      Lastly, Defendant has not alleged or demonstrated that diversity jurisdiction exists in this case.

      Accordingly, the Court concludes that it lacks subject-matter jurisdiction over this case and REMANDS it to Riverside County Superior Court, Case No. UDPS2100148.

Initials of Deputy Clerk: mku